A. D. KENAMOND, Judge.
Claimant Henry B. Bennett owns a tract of land in Millroy District in Grant county, through which the state road commission, on December 5, 1936, obtained from claimant a parcel of land for the purpose of constructing a highway, now known as state route 28. Claimant alleged that in the construction of said highway in 1937 the state road commission installed a culvert inadequate to accomodate the natural flow of waters at all seasons of the year, and by reason of its inadequacy his lands were inundated on June 17, 1949, causing great damages to claimant’s property, his log dwelling house and one chicken house being flooded or covered with water; a second chicken house, fuel wood and lumber being washed away; two thousand chickens and two thousand pounds of feed being destroyed; a building for carrying on a photographic business, together with *154 photographic equipment, being damaged and destroyed; and a large garden with growing vegetables being totally destroyed.
Claimant demanded damages to the extent of $10,000.00, of which amount $4,145.10 was for damage and destruction of property and the remainder for loss of his business.
June 17, 1949, is a memorable day in the history of South Branch valley. On that day a flash flood, a deluge of water, descended on Pendleton, Grant and Hardy counties in West Virginia and the portions of these counties along the South Branch river and its tributaries, the North Fork and South Fork, were widely publicized as a flood-stricken area. State road commissioner, Cavendish said then that damages to primary roads and major secondary roads in that area might run as high as $1,000,000.00. The National American Red Cross immedalely made available a disaster fund of $100,000.00 and promised more if needed. Major General Lewis A. Pick, chief of army engineers, announced from Washington that his agency would spend $25,000.00 to repair flood damage in the area, and said: “Items under consideration include the reestablishment of the North Fork of the South Branch of the Potomac, which was blocked oil and diverted by an extensive slide in the vicinity of Cabins, in Grant county, channel clearing and bank stabilization.”
The property of claimant lies about 300 feet west of the North Fork river in Long Hollow, southwest of Cabins. Respondent in the case held that the claimant was the victim of an Act Of God.
Counsel for claimant asserted that the state road commision had intervened in an Act Of God by installing in a roadfiil east of claimant’s property a culvert inadequate to carry off the usual and to be expected volume of floodwater and had disregarded the history of climatic variations in the locality. Several witnesses were heard in testimony on amount of rainfall and floodwater at the Bennett location at different times *155 during the past thirty-six years. These facts stood out: One, In a 1936 flood there may have been as much rainfall as in June 1949, but not in such a short space of time; Two, the ' crest of the 1949 water in the immediate region was more than six feet higher than in 1936; and three, from 1937, when the subject (24 inch) culvert was installed, until the flash flood in July, 1949, the rainfall on and natural flow of water through the property of claimant had been adequately taken care of by said culvert in the state road fill east of said property.
Relative to expected rainfall and adequate provisions for drainage, it is pertinent to note that, while claimant stated he had protested to some one working on construction of the road east of his property that a larger culvert should be installed, said claimant afterward erected on his property several of the buildings that were damaged or destroyed on June 17, 1949.
Considerable testimony was presented relative to the size of culvert that should have been installed to take care of the drainage area of which the claimant’s property was a part. Claimant relied on the Talbot formula for a drainage area of 115 acres in a mountainous region, calling for a culvert 6 feet by 6 feet, or 6 feet by 8 feet, while the respondent put dependence on the state road commission engineer’s estimate of requirements for a drainage area of 118 acres in a hilly region, with due consideration , of the amount of erosion shown there. The court claims no competence to pass judgment on the relative merit of the differing estimates, but is of the opinion that the deluge of water on June 17, 1949, was so great and sudden and unexpected as to preclude safeguard against damage and destruction, by any provision, within the province of the state road commission, for carrying off the water and debris that then descended upon the claimant’s property.
The court is of the opinion, after a hearing of his case on July 25 and 26, 1950, that claimant did not prove that failure of the state road commission to install a larger culvert at the road fill east of his property was the proximate cause of claimant’s loss, and therefore an award is denied.