PER CURIAM:
The claimants brought this action for damage to personal property resulting from flooding at the Watoga State Park in Pocahontas County. The Court is of the opinion to make an award as stated more fully below.
Claimant David Jones was, at all relevant time periods, the superintendent of Watoga State Park. The parties stipulated that as condition of employment, Mr. Jones was required to live at the park in the superintendent’s residence. On or about June 2, 1997, Pocahontas County experienced an extremely heavy rainfall, estimated to be in the neighborhood of up to 10 inches of rain. The evidence adduced at hearing was that a large amount of water flowed downhill from nearby hillsides and flooded the basement of the superintendent’s residence.
The testimony established that the water level in the basement was between five and six feet deep. The claimant submitted into evidence photographs showing that the basement and personal property therein sustained heavy damage. The items destroyed included a clothes washer and dryer, a dehumidifier, a vacuum cleaner and a Christmas tree and decorations. The claimant’s renter’s insurance did not cover flood damage. The respondent’s insurer denied the claim as well, on the basis that the damage was caused by an act of nature.
The respondent moved for summary judgment on the basis that there was insufficient *46 evidence of negligent conduct on the part of the respondent and that the sole cause of this incident was an Act of God. Adkins vs. City of Hinton, 142 S.E.2d 889 (W.Va. 1965); American Coal Co. vs. De Wese, 30 F. 2d 349 (4th Cir. 1929); Bennett vs. State Road Commission, 5 Ct. Cl. 153 (1950). The claimant conceded that the flood was an uncontrollable act of nature and that the respondent was not at fault. However, it was the claimants’ position that they should be compensated for loss of personal property due to the fact that they were required to live on the premises.
The Court recognizes that the respondent may not be legally obligated to compensate the claimants under existing law. However, the Court is of the opinion that because the claimants were required to live at the park as a condition of employment, the respondent has a moral obligation, in equity and good conscience, to compensate the claimants for loss of their property. Hammack vs. Division of Highways, (CC-93-176a), unpublished opinion issued December 17, 1993. Therefore the Motion for Summary Judgment is denied.
Claimants have based their request for an award upon full replacement costs for their personalty in the total amount of approximately $3,800.00. The Court has examined and evaluated the record independently and makes an award in the amount of $1,992.80 which the Court considers to be fair and reasonable compensation for claimants’ loss.
Therefore, in view of the foregoing, the Court makes an award in the amount of SI ,992.80.
Award of $1,992.80.